## JUDGMENT ON THE PLEADINGS BEFORE EVIDENCE HAS BEEN HEARD.

### Common Pleas Court of Hamilton County.

ROBERT MADGETT V. THE CINCINNATI TRACTION COMPANY.

### Decided, March 14, 1914.

*Amendment—Application for Leave to Amend Comes too Late, When— Dismissal Without Prejudice—Too Late to Demand Judgment, When—Judgment Non Obstante Veredicto—Sections* 11601 *and* 10214.

1. After a jury is sworn and after either party has demanded judgment on the pleadings it is too late for the other party to ask to amend. His only remedy is a non-suit—the dismissal without prejudice.
2. It is too late to demand such a judgment after evidence has been heard upon the issues raised by the pleadings.
3. These findings do not interfere with a party's right to judgment on the pleadings in spite of the evidence, *non obstante veredicto,* but are in addition thereto.
4. Section 11601 of the General Code provides for judgment on the pleadings before evidence has been heard, and also after evidence has been heard, *i. e., non obstante veredicto.*

For statement see opinion.

*Robert Black* and *R. T. Dickerson,* for plaintiff, offered: Buckingham v. McCracken, 2 O. S., 287; McCoy v. Jones, 61 O. S., 119, 129; Rheinheimer v. Ins. Co., 77 O. S., 360, 372; B. & O. R. R. v. Nobil, 85 O. S., 175, 182; 31 Cyc., 247, and cases there cited; Bates Pleading Vol. 1, page 399; Wuest v. Cincinnati, 13 N.P.(N.S.), 249; Frank v. Traction Co., 7 N.P.(N.S.), 143; Scott v. Hudson, 4 Ohio Dec. Rep., 392; Dykeman v. Johnson, 83 O. S., 126; Corry v. Campbell, 25 O. S., 134; Traction Co. v. Sanders, 12 C.C.(N.S.), 266; Glass v. Heffron, 86 O. S., 70; Traction Co. v. Stephens, 75 O. S., 171, 178; Traction Co. v. Forrest, 73 O. S., 1, 5; 14 N.P.(N.S.), 577, December 29, 1913, page 15.

*Joseph Wilby*, for defendant offered: Section 11601, General Code; Traction Co. v. Dorenkemper, 13 C.C.(N.S.), 98; Gas Co. v. Johnston, 76 O. S., 119, 124; White v. Calhoun, 83 O. S., 401, 403; New York Code, 547; El. Light, Heat & Power Co. et al v. Idaho Springs Inv. Co., 111 Pac. Rep., 834; French v. Central Construction Co., 8 C.C.(N.S.), 425.

DICKSON, J.

This hearing is on a motion for a new trial—to set aside a judgment heretofore rendered on the pleadings.

The plaintiff was long in default for a necessary reply to an answer. The case was regularly set for trial, a jury duly impaneled and sworn, then—

The defendant moved for judgment on the pleadings; then

The plaintiff asked leave to file his reply, which was ready to be filed but forgotten.

The judgment was granted under the provisions of Section 11601 of the General Code:

"When upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall so be rendered by the court, although a verdict has been found against such party."

The manner of doing justice in a court is prescribed by statute and each judge is limited by that law and not by his ideas. In order that justice may be administered speedily, rule days are prescribed for filing pleadings and all pleadings must be filed and the case at issue before set for trial. The harshness of these rules leading to and ending in justice is relieved by Section 10214 of the General Code:

"The provision of part third and all proceedings under it shall be liberally construed in order to promote its object and assist the parties in obtaining justice. * *. *"

Under the provisions of this and like sections relating to mistakes and amendments, all ills of omission and commission are cured in order to get a case properly before the jury, and even if

a trial proceed and end full of mistakes waived or overlooked such mistakes will be corrected. No one can justly complain of the severity of our liberal code.

. But there is and necessarily must be a time in the pursuit of substantial and speedy justice when both sides are ready for trial and all must assume some responsibility. Surely that time is not too soon when after all of the law's delays, after both sides have spent time and money in preparation, and at the state's expense the jury has been sworn.

. The court is of the opinion that then, after the jury is sworn, is when either party may demand his right to a judgment on the pleadings.

The hearing of evidence on the issues in the pleadings would be a waiver of the right to judgment on the pleadings. Such a demand for such a judgment must be by motion upon a hearing and decided after consideration.

During these steps and before decision a party is notified of his neglect, mistake.

The mistake is admitted here by asking leave to file the reply.

The court here refused this because the defendant had a right to continuance which could not be granted without consent after the jury was sworn.

But the plaintiff had his remedy. Section 11586 of the General Code provides:

"An action may be dismissed without prejudice to a future action—
"1. By the plaintiff before its final submission to the jury or to the court, when the trial is by the court. *   *   *"

In this instance or situation the plaintiff had a right to a dismissal, the defendant to a judgment on the pleadings. The plaintiff refused his remedy. With the jury in the box, without the consent of both parties, a continuance was impossible. The crisis demanded a dismissal by the plaintiff or a judgment for defendant. Plaintiff would not dismiss and the court followed the law.

The judgment on the pleadings without evidence may be in favor of either party, while a judgment in spite of the verdict, *non obstante verdicto*—really in spite of both the pleadings and the evidence or admissions, can only be in favor of the plaintiff or in favor of a defendant on his cross-petition, each upon the merits.

The words substantial justice are broad enough to embrace both parties, the defendant as well as the plaintiff. A court has no right to deprive a defendant of his rule day or of time to prepare his case at the bare request of a plaintiff. In such a crisis as this the court has no right under Section 11453 of the General Code—

"Because of the sickness of a juror, or accident or calamity which requires it, or with the consent of both parties, or after jurors have been kept together until it satisfactorily appears that there is no probability of their agreeing, the court may discharge the jury,"

to dismiss the jury.

The failure to file a reply or to dismiss is not such an accident or calamity requiring the jury's discharge, and the withdrawal of a juror is the same as the dismissal of the entire jury, only less manly, at best a custom. But no custom will be permitted to over-ride the written code.

The motion will be denied.